BOLIN, Judge.
Plaintiff planned to open and operate a KOA campground. In order to stabilize or hard-surface the grounds for the parking of mobile campers and trailers, he entered into a written contract with defendant who agreed to stabilize the parking pads, roadway, and drives by using a soil cement mix. Plaintiff sued for breach of contract alleging that shortly after the stabilization work was finished the soil base began deteriorating, rendering the campground unfit for the parking of trailers. The trial court rejected plaintiff’s demands without written reasons. Plaintiff appeals and we reverse.
The primary issue is whether defendant breached its contract.
Plaintiff was operating on limited funds. He had contacted a number of contractors concerning the cost of surfacing the pads and drives but all the bids were in excess of $20,000, which was more than plaintiff was able to spend. Defendant company had made several proposals to plaintiff for doing the work and after some discussion defendant offered to construct a four-inch soil cement base. The president of defendant company told plaintiff that by this method the surface would be stabilized for a reasonable length of time after which plaintiff would be required to cover the soil cement with an asphalt sealer. In the course of the discussion between plaintiff and the president of defendant company, plaintiff was shown a similar project which defendant had constructed at a nearby airport and plaintiff was led to believe the surface of the campground would be as hard as that of the airport for about a year.
After these discussions the parties entered into a contract which provided:
*659 “We propose to stabilize existing material 4" deep with Portland Cement on parking pads and road way also drives. Approximately 18,000 sq. yds.
“Prime all roads and pads. Shoot 1 shot of seal on parking lot and main road in to camp grounds and around club house for the unit price of $14,535.50.”
Plaintiff contends that after he had operated the campground for approximately three months the surface began developing potholes, deep ruts, and flaking. Plaintiff complained of these defects to defendant and some repairs were made by placing either a prime coat or some hot mix sealer on portions of the surface.
During trial plaintiff and several expert civil engineers testified that the project was not done in a workmanlike manner. The engineers testified generally that the defects were caused by the soil cement being improperly mixed and laid. One engineer estimated it would cost approximately $16,-000 to rework and properly stabilize the entire surface.
Testifying for defendant, in addition to the officers of the company, were several experts. These witnesses, while not graduate engineers, were experienced in stabilizing soil with soil cement. Defense witnesses testified generally that the stabilization work was done in a satisfactory manner; that most of the defects were due to the unusually wet weather following the completion of the project; and that the deterioration which developed was normal in extremely wet weather unless the soil cement had been covered with an asphalt sealer.
This case presents a question of fact. Plaintiff undoubtedly did not get the type of surface that he desired and expected, but we do not find defendant is responsible for all of the deterioration which developed. Some deterioration may be attributed to the excessive rainfall which followed the completion of the project. Further, a soil cement surface by its very nature tends to deteriorate in the absence of a sealer. Witnesses for both parties agreed they would not recommend a soil cement surface stabilized to a depth of only four inches.
We find the defects complained of must be at least partially attributed to defendant’s failure to properly perform under the contract. Although the cement was mixed to a depth of from three and one-half to seven inches, it was not stabilized to a uniform depth of four inches. We are convinced that had defendant stabilized the surface to a depth of four inches as provided in the contract, the surface would not have deteriorated to the extent that it did.
Plaintiff contends a large portion of the surfaced area must be completely reworked to render it suitable for permanent sealing. Defendant, on the other hand, argues that the sealer could be applied to the surface in its present condition. We conclude the truth lies somewhere between these two contentions. We are satisfied that the defects caused by defendant could be repaired without completely reworking and restabi-lizing the entire surface. We find an award of $5,000 is adequate.
The judgment rejecting plaintiffs demands is reversed and there is now judgment in favor of Jack M. Kennedy against Bryant & Sons, Inc., in the sum of $5,000 with legal interest from judicial demand until paid, plus all costs.